**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| DOTS, LLC, *et al.*, | Case No. 14-11016 (MBK) |
| Debtors. | Jointly Administered |
| DOTS, LLC, *et al.*, | Adv. Pro. No. 14-1818 (MBK) |
| Plaintiffs, | Hearing Date: February 22, 2016 at 10:00 AM |
| v. | |
| MILBERG FACTORS, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR ENTRY OF ORDER COMPELLING MILBERG
FACTORS, INC. TO COMPLY WITH DISCOVERY**

**TRENK, DIPASQUALE,
DELLA FERA & SODONO, P.C.**
347 Mount Pleasant Avenue, Suite 300
West Orange, New Jersey 07052
(973) 243-8600
*Special Counsel for Plaintiffs Dots, LLC, et al.*

Of Counsel and on the Brief:
Henry M. Karwowski
Joshua H. Raymond

**PRELIMINARY STATEMENT**

Plaintiffs Chapter 11 Debtors Dots, LLC, IPC/Dots, LLC, and Dots Gifts, LLC (collectively, the "Debtors"), by and through their undersigned special counsel, respectfully submit this Memorandum of Law in support of their Motion for entry of an order compelling Defendant Milberg Factors, Inc. ("Defendant") to comply with discovery. As set forth herein, Defendant has failed to fully comply with the Debtors' discovery requests. Therefore, the Debtors respectfully request that this Court grant their Motion.

**BACKGROUND**

Prior to the orderly liquidation of their business in the first half of 2014, the Debtors had been a leading retailer of clothing, accessories, and footwear for price-conscious women. Certification of Joseph Catalano ("Catalano Certif.") ¶ 7.

Pursuant to Factoring Agreements, an Amended and Restated Factoring Agreement, and Accounts Receivable Servicing Agreements, Defendant's clients, i.e., the Debtors' vendors, agreed to sell, assign, and transfer to Defendant and Defendant agreed to purchase the clients' accounts, and Defendant had full power as a "factor" to collect and otherwise deal with such accounts as the sole and exclusive owner. Id. ¶ 8.

In short, Milberg's clients shipped goods to the Debtors, and Milberg "factored" the clients' accounts receivable. Id. ¶ 9.

Upon information and belief, Milberg has at times acted as a lender and possibly as an agent to Finance One, Inc. ("Finance One," and collectively with Milberg, the "Defendants"), another defendant in a separate adversary proceeding. Id. ¶ 12. As shown below, the Defendants have thus far provided only limited discovery in the two pending adversary proceedings. Id. Thus, the structure and parameters of their relationship is not yet known to the Debtors. Id.

Nevertheless, the record already reveals that numerous connections between the Defendants exist. Id. ¶ 13. For instance, documents produced by Milberg in response to the Debtors' discovery requests appear to indicate that Milberg treated the vendor invoices supposedly factored by Finance One as if they were part of Milberg's own credit exposure to the Debtors. Id.

Second, documents produced by the Defendants indicate that something more than a mere administrative agency relationship existed between the Defendants and that credit decisions with respect to Finance One "factored" invoices were made, at least in material part, by Milberg. Id. ¶ 14.

Third, although the Debtors' records do not indicate that the Finance One receivables belong to Milberg, at least one of the Debtors' records indicates that for certain purposes, early payments of invoices factored by Finance One and Milberg were analyzed as if they were part of a group. Id. ¶ 15.

Fourth, the Debtors' records show that in October 2013, 46.2% of merchandise payments made by the Debtors were anticipated or paid early. Id. ¶ 16. For reasons at this time not entirely clear from the Debtors' records alone, and based on an analysis of the percentage of early merchandise payments made in October 2013, the Debtors grouped their payments to Milberg and Finance One as a single item and reported that 33.8% of the payments made to Milberg/Finance One in October 2013 were paid early. Id. The Debtors' business records do not explain why Milberg and Finance One were presented on a consolidated basis for purposes of this analysis. Id.

Finally, the Defendants are represented by the same law firm. Id. ¶ 17. The Debtors are unaware of what, if any, arrangements may exist by and between Milberg and Finance One with

respect to their representation by the same law firm in matters which appear to have some interrelationship, if not the potential for conflicting interests. Id.

**The Debtors File Petitions and Adversary Complaint**

On January 20, 2014, each of the Debtors filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code. Compl. (ECF 1) ¶ 3.

The Debtors paid Defendant not less than $2,743,889.34 within 90 days of the petition date. Id. ¶ 7.

On October 1, 2014, Debtors filed against Defendant a Complaint seeking to avoid and recover preferential transfers. Compl. (ECF 1).

**Defendant Fails To Fully Respond to Discovery**

On May 22, 2015, the Debtors served Interrogatories, a First Request for Documents, and Requests for Admissions upon Defendant. Certification of Joshua H. Raymond ("Raymond Certif.") ¶ 3; Exh. A.

On June 19, 2015, Defendant served its Response to the Request for Admissions. Id. ¶ 4; Exh. B.

On August 10, 2015, Defendant served its response to the Debtors' document requests. Id. ¶ 5; Exh. C.

Although it produced some documents, Defendant failed to produce documents on several material issues, including the issue of whether Defendant took any irregular or unusual actions, such as reducing its credit line, as other factors did before this case, to collect the subject transfers. Id. ¶ 6.

3

Thus, on October 2, 2015, the Debtors' counsel requested that Defendant produce more responsive documents. Id. In the letter, the Debtors' counsel noted that Defendant had failed to timely produce the following:

> (i)    Any and all Documents relating to and arising out of any and all agreements by and between the Debtors and Defendant and/or any other third party Documents that Defendant has concerning the Debtors.
>
> (ii)   Any and all Documents relating to and arising out of any and all agreements by and between Defendant, its third party insurers and its clients and/or customers that were transacting business with the Debtors, specifically relating to and arising out of Highway Jeans, 17/21 Group, LLC, Finance One Retail, IDB Concepts NYC, Inc. and Starlight Accessories, Inc.
>
> (iii)  Any and all Documents, including, but not limited to, correspondence, emails, text messages and memoranda by and between Defendant, Defendant's clients and/or customers and the Debtors for the period of April 1, 2013 through January 20, 2014. The initial document production only included two pages of emails (M000211 and M000218). If there are no further documents responsive to this document request please confirm, otherwise, please produce any and all Documents fully responsive to this request.
>
> (iv)   Any and all Documents relating to and arising out of the relationship between the Debtors and Defendant including, but not limited to, invoices, bills, credit memos, checks, and statements, declined purchase orders, and unfulfilled purchases orders.
>
> (v)    Any and all Documents relating to and arising out of Defendant's request for payment from Debtors and any and all other customers for the period of April 1, 2013 through January 20, 2014.
>
> (vi)   Any and all Documents relating to and arising out of Defendant's credit decisions regarding transactions with the Debtors and any other clients and/or customers of Defendant for the period of April 1, 2013 through January 20, 2014.

4

>    (vii)   Any and all Documents, including, but not limited to, correspondence and internal memos concerning credit decisions or business decisions of any kind concerning Debtors between and among any and all Defendant's personnel including, but not limited to, Leonard Milberg, David Milberg, Stephen Murphy, William Zisfein, Daniel Milberg, Barry Marchowsky, James O'Leary, Frank DeRita, David Reza, Martin Efron, and Ernest White.
>
>    The initial document production only included eighteen pages of memos (M000289 through M000306). If there are no further documents responsive to this document request please confirm, otherwise, please produce any and all documents fully responsive to this request.
>
>    (viii)  Any and all Documents, including but not limited to emails and all communications with third party credit insurers, internal and external auditors, as well as lenders and investors utilized and relied upon by Defendant relating to the Debtors.
>
>    (ix)    Any and all Communications either, written, electronic or verbal with other creditors or factors regarding credit terms and business terms with Debtors.
>
>    (x)     Identify any and all Communications either, written, electronic or verbal from Defendant's counsel regarding demands for payment, credit terms or business terms with the Debtors.

Id. ¶ 6; Exh. D.

Defendant has not responded to the Debtors' counsel's October 2, 2015 correspondence.

Id. ¶ 7. Thus, to date, Defendant has failed to fully comply with the Debtors' discovery requests.

Id.

Complete discovery from Defendant and Finance One would reveal among other facts: (i) the terms of any Defendant-Finance One agency or other relationship, including terms relating to the invoices at issue in this proceeding, which on their face appear to have been factored by Finance One, but which Defendant seems to have included in its credit exposure analysis; (ii)

5

any irregular or unusual actions, including the reduction of its credit line, taken by Defendant to collect the subject transfers; and (iii) the credit decisions, if any, which were made with respect to the invoices factored by Finance One, but which were based on credit information directions or decisions provided or made by Defendant. Catalano Certif. ¶ 18.

Meanwhile, in October 2015, the Debtors timely responded to Defendant's discovery requests. Raymond Certif. ¶ 8. Defendant has not challenged the sufficiency of the Debtors' responses. Id.

**ARGUMENT**

**DEFENDANT SHOULD BE COMPELLED TO COMPLY
WITH THE DEBTORS' DISCOVERY REQUESTS**

Under Federal Rule 34, applicable to the instant proceeding by operation of Bankruptcy Rule 7034, a party may serve on any other party a request to produce and permit the inspection of various forms of documents or other tangible things. Fed. R. Bankr. P. 7034; Fed. R. Civ. P. 34(a)(1).

When a party fails to either make disclosures or cooperate with discovery, Federal Rule 37, incorporated by Bankruptcy Rule 7037, permits the requesting party to move for an order compelling disclosure or discovery. Fed. R. Bankr. P. 7037; Fed. R. Civ. P. 37(a)(1); see also Forman v. Joe (In re Goo), 2008 WL 920318 at **6-7 (Bankr. D.N.J. Apr. 2, 2008) (granting cross-motion for order compelling defendants to produce discovery, where defendants had failed to respond to requests, defendants had failed to provide response as to why documents had not been produced, and discovery was relevant to issues in adversary proceeding).

In addition, subject to exceptions not applicable here, when a motion to compel discovery is granted, the party whose conduct necessitated the motion must "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5).

6

In the present matter, as noted above, Defendant has failed to fully respond to the Debtors' discovery requests. Under Federal Rule 37, such failure warrants the entry of an order compelling Defendant to cooperate with the requests.

## **CONCLUSION**

Accordingly, the Debtors respectfully request that this Court grant their Motion.

> **TRENK, DiPASQUALE,**
> **DELLA FERA & SODONO, P.C.**
> *Special Counsel for Plaintiffs Dots, LLC, et al.*
>
> By:   /s/ Joshua H. Raymond
>           JOSHUA H. RAYMOND

Dated:   January 19, 2016

4824-5608-8108, v. 1

7